UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| TAB B. WORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 4:23-cv-1620-JHE |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Tab Word ("Word") seeks review, pursuant to 42 U.S.C. § 405 (g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his applications for supplemental security income ("SSI"), a period of disability and disability insurance benefits ("DIB"). (Doc. 1). Word timely pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42 U.S.C. § 405(g). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **REVERSED**, and this action is **REMANDED** for further proceedings.

### I. Factual and Procedural History

On July 7, 2021, Word protectively filed an application for a period of disability and DIB and SSI, alleging a disability onset date of July 7, 2021. (Doc. 8-3 at 114). Word was born on

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 13).

January 30, 1971, and was fifty years old on the alleged disability onset date. (Doc. 8-3 at 122). He has past relevant work as a structural steel worker and a welder fitter. (*Id.*) The Commissioner initially denied Word's claim on December 14, 2021, and denied reconsideration on September 16, 2022. (*Id.*) Word timely requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*)

The ALJ held a hearing on February 13, 2023, and entered a decision denying Word's application for benefits on April 25, 2023. (Doc. 8-3 at 111-128). Word sought review by the Appeals Council, but it denied his request for review on September 28, 2023. (*Id.* at 2-7). The Appeals Council determined that the additional evidence Word presented was not "new, material, and relate[d] to the period on or before the date of the hearing decision," and did not support "a reasonable probability that the additional evidence would change the outcome of the [ALJ's] decision." (Doc. 8-3 at 2-3). Upon the Appeals Council's denial of review, the ALJ's decision became the final decision of the Commissioner. On November 30, 2023, Word filed his Complaint in this court. (Doc. 1).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402

---

[2] In general, the legal standards applied are the same whether a claimant seeks SSI or DIB. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id*.  It is "more than a scintilla, but less than a preponderance."  *Id*.

This court must uphold factual findings that are supported by substantial evidence. However, it reviews legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993).  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision.  *Cornelius v. Sullivan,* 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3]  The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505 (a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

"must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520 (a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is engaged in substantial gainful activity

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Social Security Administration ("SSA");

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1312 (11th Cir. 2021). If a claimant satisfies Steps One and Two, he or she is automatically found disabled if he or she suffers from a listed impairment. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). "Once a claimant proves that she can no longer perform her past relevant work, the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Id.* (cleaned up).

**IV. Findings of the Administrative Law Judge**

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

Preliminarily, the ALJ found Word met the insured status requirements of the Social Security Act through December 31, 2025. (Doc. 8-3 at 116). At Step One, he found that Word had not engaged in substantial gainful activity since July 7, 2021, the alleged disability onset date. (*Id.*) At Step Two, the ALJ determined Word had the following severe impairments: obstructive

4

sleep apnea; ocular hypertension; nuclear sclerosis; Choroidal Melanoma OS; bilateral meniscus tears; and vitreomacular adhesion OD. (*Id*. at 117). The ALJ determined at Step Three that Word does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR. Part 404, Subpart P, Appendix 1. (*Id*. at 118-119).

Before proceeding to Step Four, the ALJ determined Word's residual functional capacity ("RFC"), which is the most a claimant can do despite his impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Word has the RFC

> to perform light work as defined in 20 C.F.R. 404.1567(b) except [he] must avoid commercial driving, unprotected heights, uneven terrain, and hazardous machines. He cannot work with small items such as beads, threads, or electrical wiring in an assembly setting. He has right sided monocular vision. All work required reading is limited to twelve-point font or larger.

(Doc. 8-3 at 119).

At Step Four, relying in part on testimony from a vocational expert ("VE"), the ALJ determined that Word was unable to perform his past relevant work as a steel worker and a welder fitter as actually or generally performed. (*Id*. at 122). Finally, at Step Five, the ALJ found that there are jobs existing in significant numbers in the national economy that Word can perform, considering his age, education, work experience, and RFC. (*Id*.) Therefore, the ALJ determined Word had not been under a disability from July 7, 2021, through the date of the decision and denied Word's claim. (*Id*. at 124).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial

evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Williams*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[4] The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Word raises three issues for appeal in his brief: (1) the ALJ failed to adequately develop the record; (2) the Appeals Council erred by denying review in light of the new evidence Word submitted; and (3) the ALJ's decision is not supported by substantial evidence. (Doc. 10 at 2). Because the undersigned determines that the Appeals Council erroneously denied consideration of Word's newly presented evidence, the Commissioner will need to reassess the record as a whole on remand in light of the new evidence. Therefore, the undersigned need not address Word's other arguments.

"With a few exceptions, the claimant is allowed to present new evidence at each stage of [the] administrative process," including before the Appeals Council. *Ingram*, 496 F.3d at 1261 (11th Cir. 2007). The Appeals Council must review a case if it receives additional evidence that is new, material and chronologically relevant. 20 C.F.R. § 404.970(a)(5); *Ingram*, 496 F.3d at 1261. "[W]hether evidence meets the new, material, and chronologically relevant standard is a question of law subject to . . . *de novo* review," and an erroneous failure to consider such evidence warrants remand. *Washington v. Soc. Sec. Admin., Com'r*, 806 F.3d 1317, 1321 (11th Cir. 2015). New evidence is noncumulative evidence that was not previously presented to the ALJ, and that evidence is material when "there is a reasonable possibility that the new evidence would change

---

[4] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Evidence is chronologically relevant if "it relates to the period on or before the date of the [ALJ] hearing decision." *Foster v. Colvin*, No. 12-CV-4038-VEH, 2014 WL 1338095, at *4 (N.D. Ala. Mar 28, 2014) (citing 20 C.F.R. § 404.970(b)). Even records that postdate the ALJ's decision may be chronologically relevant when they assess conditions that existed prior to the decision and there is no evidence of deterioration. *Washington*, 806 F.3d at 1322.

After the ALJ's denial on April 25, 2023, Word submitted a brief and additional evidence to the Appeals Council. On September 28, 2023, the Appeals Council issued a Notice of Action denying Word's request for review.  (Doc. 8-3 at 2-7).  In its decision, the Appeals Council discussed the following additional evidence submitted by Word: records from Raines Family Medicine dated March 15, 2022 through November 2, 2022; records from Raines Family Medicine dated March 20, 2023 through March 27, 2023; records from Coosa Family Care dated April 25, 2023 through June 7, 2023; an undated medical source statement from Dr. Michael Callahan; a medical source statement from Dr. Christopher Kelly dated June 21, 2023; affidavits from Melissa Williams, Houston Word, Ethan Moore, and William Leach; work reports and an attendance statement from Kloeckner; a payroll check register from Leach Company, Inc.; and a psychological assessment and mental health source statement from Dr. June Nichols.  (*Id*. at 3).

The Appeals Council did not review the 2022 records from Raine's Family Medicine because those records were previously submitted to the ALJ and, therefore, not new.[5]  *See Hyde*,

---

[5] As noted by the Appeals Council, the ALJ listed office treatment records from Raines Family Medicine dated March 15, 2022, through November 2, 2022, as exhibit 10F in his denial. (Doc. 8-3 at 128; Doc. 8-17 at 23-47).  Because the 2022 Raines Family Medicine records were previously provided to the ALJ, they are not new and, therefore, insufficient to support remand.

823 F2d at 459. The Appeals Council declined to consider the 2023 Raine's Family Medicine records, Coosa Family Care records with Jordan Holder, CRNP, source statements from Drs. Callahan and Kelly, affidavits, work attendance or payroll records, determining that none of those records showed "a reasonable probability that [they] would change the outcome of the [ALJ's] decision." (*Id*.) Finally, the Appeals Council found that the remaining evidence – the psychological assessment and mental health source statement from Dr. Nichols – was not chronologically relevant and, therefore did "not relate to the period at issue." (*Id*.) As such, the Appeals Council determined that the Nichols records had no effect on the decision of whether Word was disabled on or before the date of the ALJ's decision. (*Id*.) Given these findings, the Appeals Council declined to review the newly submitted evidence to determine whether it required remand to the ALJ.

### A. The Kelley and Holder Assessments

Word argues that the Appeals Council erred in declining to consider assessments from Dr. Christopher Kelley ("Kelley") and Jordan Holder, CRNP ("Holder"). On April 25, 2023, Word presented to CRNP Holder at Coosa Family Care for a preoperative physical and was cleared for surgery. (Doc. 8-3 at 101). The record is silent regarding the nature of the surgery and merely indicates that Word is "cleared." (*Id*.) On June 7, 2023, Word saw CRNP Holder and reported "recent increase in anxiety, depression, and insomnia due to recent removal of left eye from cancer." (*Id*. at 95). His Zoloft was increased, and he also noted that he needed a disability form completed. (*Id*.) Word's active problems were listed as depression, insomnia, and generalized

---

*See Hyde*, 823 F.2d at 459 at 459. Further, Word does not assert in his brief that these particular records should have been reviewed by the Appeals Council.

anxiety disorder. (*Id*. at 96). Each condition was listed as "stable," and the record does not indicate the duration of the conditions. (*Id*.) On the same day, CRNP Holder completed a Physical Capacities Form ("PCF") for Word. (Doc. 8-3 at 100). Holder noted that Word can occasionally lift between 6 and 10 pounds but could never lift more than that. (*Id*.) She further stated that she would expect Word to be off task for approximately 50 percent of an 8-hour workday, and she would expect Holder to miss 10-15 days in a 30-day period due to his physical symptoms. (*Id*.) Finally, Holder confirmed that Word's limitations existed back to July 7, 2021. (*Id*.)

Dr. Kelley at Northeast Orthopedics first issued a 10-pound lift limitation during Word's December 2021 and August 2022 surgeries. (Doc. 8-12 at 36, 85). Kelley completed a PCF for Word on June 21, 2023. (Doc. 8-3 at 63, 111, 126-128). Like Holder, Dr. Kelley noted that Word can occasionally lift up to 10 pounds but can never lift more than 11 pounds. (*Id*. at 63). He further noted that Word can stand for less than 30 minutes at a time and can sit upright in a standard chair for only one hour at a time. (*Id*.) According to Dr. Kelley's assessment, he would expect Word to be off-task for 50 to 60 percent of an 8-hour workday and to be absent 12 to 15 days per 30-day period due to his physical symptoms. (*Id*.) Finally, Dr. Kelley affirmed that Word's physical limitations existed back to July 7, 2021. (*Id*.)

Word contends that the Holder and Kelley assessments are material because the ALJ overestimated Mr. Word's ability to lift objects. (Doc. 10 at 24). Word argues the lift limitations in the Holder and Kelley assessments, if adopted, would result in a "sedentary" work limitation. (Doc. 10 at 23-24). At Word's age, a requirement for sedentary work means that he could be found disabled. 20 CFR Part 404, Subpart P, Appendix 2. The Commissioner argues that the August 2021 and December 2022 records provide a comprehensive view of Word's health, and the records indicate a less severe limitation of Mr. Word's overall condition. (Doc. 14 at 20-21). Both Holder

and Kelley's PCFs were new when presented to the Appeals Council, as both were completed after the ALJ's initial decision and, therefore, were not before the ALJ for review. Thus, the Court must determine whether substantial evidence supports the Appeals Council's finding that the Holder and Kelley PCFs did not have a substantial likelihood of changing the outcome of Word's SSD application.

The Appeals Council determined that these records were immaterial in that they did "not show a reasonable probability that [the records] would change the outcome of the [ALJ's] decision." (Doc. 8-3 at 3). However, the ALJ determined that Word had the RFC "to perform light work as defined in 20 CFR 404.1567(b). . ." (Doc. 8-3 at 119). Light work is defined, in part, as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R § 404.1567(b). This definition is contrary to the Holder and Kelley PCFs, which allow for only occasional lifting of up to 10 pounds and never lifting between 11 and 20 pounds. (Doc. 8-3 at 100). The lift limit in the PCFs would preclude Word from light work.

The ALJ pointed to Word's statement on the transcript that he had a 20-pound lift limitation and determined that, given the information before him, Word's "medically determinable impairments could reasonably be expected to cause some symptoms and functional limitations." (Doc. 8-3 at 120). However, he further found that Word's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record. . ." (*Id.*). Given the inconsistencies, the ALJ determined that Word's statements about his limitations "have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." (*Id.*) The Holder and Kelley PCFs are objective medical evidence, and

Word's statements regarding his lift limitations do not automatically warrant greater weight if they are inconsistent with the PCFs. Therefore, the new medical assessments suggest a reasonable probability that they would change the outcome of the ALJ's decision.[6]

### B. The Nichols Psychological Assessment and Source Statement

Dr. June Nichols at Gadsden Psychological Services completed Word's psychological assessment on June 29, 2023. (Doc. 8-3 at 54-61). She also provided a Mental Health Source Statement dated July 6, 2023. (*Id*. at 53). Word asserts that the Nichols assessment and statement are chronologically relevant, as the source statement indicates that Word's limitations existed back to July 7, 2021, and the assessment is based on a review of treatment records back through 2020. (Doc. 10 at 23). The Commissioner argues that the Appeals Council correctly determined that the Nichols documents are not chronologically relevant. (Doc. 14 at 21).

Without further elaboration, the Appeals Council stated:

[Word] also submitted a psychological assessment dated June 29, 2023 (8 pages) and a mental health source statement dated July 6, 2023 (1 page), both from June Nichols, Psy.D.. The Administrative Law Judge decided your case through April 25, 2023. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 25, 2023.

Doc. 8-3 at 3. The Appeals Council fails to address, however, that Dr. Nichols states in her source statement that Word's limitations did exist back through the alleged disability onset date of July 7, 2021. (*Id*. at 53). Further, she states that Word

---

[6] The Commissioner points to other evidence in the record inconsistent with the Holder and Kelley PCFs, contending that the "substantial evidence of record supporting the ALJ's RFC finding" means that the new evidence would not change the administrative result. (Doc. 14 at 20). It is not the court's role to weigh evidence the Commissioner has not considered against the evidence it has considered. *See Walden*, 672 F.2d at 838.

11

> has been diagnosed with general anxiety since 2020, and his primary physician has been treating with medication. The symptoms have not resolved, likely due to the ongoing stress of dealing with medical treatment with his eye and now with the trauma of losing his eye and adjusting to that loss. He has experienced panic attacks and feels anxious most of the time. The depression began as he realized that the eye was not improving and he accepted that he was going to lose it.

(*Id*. at 60). The Nichols documents clearly address the time period of the alleged disability onset date through the ALJ's decision.

The Commissioner argues that even if the Nichols documents are chronologically relevant, they are immaterial. The Commissioner cites *Washington* to support its argument that the undersigned should evaluate the Nichols records for materiality. (Doc. 14 at 22-23) (citing *Washington*, 806 F.3d at 1321-1322). However, in *Washington*, the Eleventh Circuit evaluated treatment records from a single physician. 806 F.3d at 1318. In contrast, Word has submitted several pieces of additional medical information that the undersigned has already determined are material. As such, the entire record is due to be remanded to the Commissioner for further proceedings and evaluation. The undersigned will leave it for the ALJ to determine whether the Nichols documents are material.

## V. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Word's claim for supplemental security income, a period of disability, and disability insurance benefits is **REVERSED**, and this action is **REMANDED** for consideration of additional information submitted by petitioner to the Appeals Council. A separate order will be entered.

DONE this 25th day of March, 2025.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE